IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON SHAW,

                Plaintiff,

v.

EARLY WARNING SERVICES, LLC,

                Defendant.

OPINION and ORDER

22-cv-451-jdp

---

    Pro se plaintiff Brandon Shaw asserts violations of the Fair Credit Reporting Act (FCRA) and Fair Debt Collection Practices Act (FDCPA). Shaw alleges that he did not give defendant Early Warning Services, LLC, direct written consent to report anything on his credit report. Shaw also asserts Wisconsin-law defamation and negligence claims. Early Warning Services removed Shaw's complaint to this court and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 1-1; Dkt. 5; Dkt. 6. Shaw has not responded to the motion to dismiss. I will grant the motion.

    Shaw has failed to state a viable FCRA claim. Shaw simply alleges that he did not give Early Warning Services consent to report anything on his credit report. But, as a general matter, the FCRA does not prohibit Early Warning Services from reporting information on a credit report. Rather, "a consumer reporting agency is required to follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer's credit report." *McKeown v. Sears Roebuck & Co.*, 335 F. Supp. 2d 917, 928 (W.D. Wis. 2004). Shaw has not alleged that Early Warning Services failed to use "reasonable procedures to assure maximum possible accuracy of the information" it allegedly reported. *See* 15 U.S.C. § 1681e(b). Put differently, Shaw has not "sufficiently allege[d]" that Early Warning Services "prepared a

report containing inaccurate information." *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Because Shaw has not alleged that Early Warning Services "reported any inaccurate information about him," his FCRA claim is not viable. *See Johnson v. Trans Union, LLC*, 524 F. App'x 268, 270 (7th Cir. 2013).

Shaw's Wisconsin-law defamation and negligence claims are preempted by the FCRA. As relevant here, the FCRA preempts state-law defamation and negligence actions based on allegations that a consumer reporting agency has reported false information against a consumer unless the agency reported the information "with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Shaw has not alleged that Early Warning Services reported false information about him and his allegation of Early Warning Services' "willful noncompliance" with the FCRA is a legal conclusion. *See* Dkt. 1-1 at 5; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (courts need not accept a "legal conclusion couched as a factual allegation" when ruling on motions to dismiss under Rule 12(b)(6)). Shaw's defamation and negligence claims are not viable. *See Johnson*, 524 F. App'x at 270.

Shaw's FDCPA claim is not viable. His conclusory allegations do not suggest that Early Warning Services is a debt collector or was trying to collect a debt from him when it allegedly reported information on his credit report. *Compare Neff v. Cap. Acquisitions & Mgmt. Co.*, 352 F.3d 1118, 1121 (7th Cir. 2003) (the FDCPA "applies only to debt collectors and only when their conduct is undertaken in connection with the collection of any debt" (citation omitted)), *and* 15 U.S.C. § 1692a(6) (defining "debt collector" as person whose principal business "is the collection of any debts" or who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another"), *with Stevenson v. Early Warning Servs., LLC*, 2019 U.S.

Dist. LEXIS 176018, *2–3 ("Defendant Early Warning Services, L.L.C. is a consumer reporting agency . . . .").

In sum, Shaw has failed to state a claim upon which relief may be granted under the FCRA or FDCPA. I will grant Early Warning Services' motion and dismiss the case.

ORDER

IT IS ORDERED that:

1. Defendant Early Warning Services, LLC's motion to dismiss, Dkt. 5, is GRANTED.

2. The clerk of court is directed to enter judgment for defendant, close the case, and send plaintiff a copy of this order.

Entered October 25, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge